```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
UNITED STATES OF AMERICA          :
                                      INFORMATION
         - v. -                   :
                                      04 Cr.
DON MILLER,                       :

              Defendant.          :  04 CRIM. 502

------------------------------------x
```

FILED UNDER SEAL

## COUNT ONE

The United States Attorney charges:

1. From in or about 2001 through on or about March 5, 2004, in the Southern District of New York and elsewhere, DON MILLER, the defendant, and others known and unknown, unlawfully, intentionally and knowingly did combine, conspire, confederate and agree together and with each other to violate the narcotics laws of the United States.

2. It was a part and an object of the conspiracy that DON MILLER, the defendant, and others known and unknown, unlawfully, intentionally and knowingly would and did distribute and possess with intent to distribute a controlled substance, to wit, 5 kilograms and more of substances and mixtures containing cocaine, in violation of Title 21, United States Code, Sections 812, 841(a)(1) and 841(b)(1)(A).

3. It was further a part and an object of the conspiracy that DON MILLER, the defendant, and others known and unknown, unlawfully, intentionally and knowingly would and did

distribute and possess with intent to distribute a controlled substance, to wit, 50 kilograms and more of marihuana, in violation of Title 21, United States Code, Sections 812, 841(a)(1) and 841(b)(1)(C).

(Title 21, United States Code, Section 846.)

## COUNT TWO

The United States Attorney further charges:

4. From in or about 2003 through on or about March 5, 2004, in the Southern District of New York, DON MILLER, the defendant, unlawfully, willfully and knowingly, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, to wit, the offense charged in Count One of this Information, did possess a firearm and did aid and abet the possession of firearms.

(Title 18, United States Code, Sections 924(c)(1)(A) and 2.)

## COUNT THREE

The United States Attorney further charges:

5. From in or about 1998 though in or about 2003, in the Southern District of New York, DON MILLER, the defendant, and others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate and agree together and with each other to violate Title 18, United States Code, Section 1344.

6. It was a part and object of the conspiracy that DON MILLER, the defendant, and others known and unknown, unlawfully, willfully and knowingly, would and did execute a

2

scheme and artifice to defraud a financial institutions, the deposits of which were then insured by the Federal Deposit Insurance Corporation, and to obtain monies, funds, credits, assets, securities and other property owned by, and under the custody and control of, said financial institutions, by means of false and fraudulent pretenses, representations and promises, in violation of Title 18, United States Code, Section 1344.

## Overt Acts

7. In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York:

   a. On numerous occasions from in or about 1998 though in or about 2003, DON MILLER, the defendant, used a computer to prepare counterfeit corporate checks to be cashed in banks in Manhattan.

(Title 18, United States Code, Section 371.)

## FORFEITURE ALLEGATION

8. As a result of the foregoing offense in Count One of this Information, DON MILLER, the defendant, shall forfeit to the United States any and all funds and property constituting and derived from any proceeds the said defendant obtained directly or indirectly as a result of the said violation alleged in Count One of this Information, including, but not limited to, the following:

   a. CASH PROCEEDS. Approximately $650,000 in

United States currency, in that such sum in aggregate was received in exchange for the distribution of controlled substances or is traceable thereto.

Substitute Assets Provision

If any of the property described above as being subject to forfeiture, as result of any act or omission of the defendant -

  a. cannot be located upon the exercise of due diligence;

  b. has been transferred or sold to, or deposited with, a third party;

  c. has been placed beyond the jurisdiction of the court;

  d. has been substantially diminished in value; or

  e. has been commingled with other property which cannot be divided without difficulty;

- it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property.

(Title 21, United States Code, Section 853.)

*[signature]*
DAVID N. KELLEY
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

**UNITED STATES OF AMERICA**

- v. -

**DON MILLER,**

    Defendant.

### INFORMATION

04 Cr.

(Title 21, United States Code, Section 846; Title 18, United States Code, Sections 924(c), 2 and 371)

DAVID N. KELLEY
United States Attorney.

May 26, 2004 - Information filed May 26, 2004 - The defendant, Don Miller, and his attorney Anthony L. Ricco and Karloff Commissiong are present. AUSA Harry Chernoff is present. See transcript. The defendant is arraigned on the information. The defendant pleads guilty to Counts One, Two + Three - A sentencing control date is set for August 26, 2004 at 10 am. Bail is set at $100,000 PRB. Defendant will surrender all travel documents. Travel is restricted to the EDNY & SDNY, to the Central D.